

FILED
APR - 3 2019
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 19-cr-20147 |
| Plaintiff, | HON. MATTHEW F. LEITMAN<br>United States District Court Judge |
| v. | |
| CURTIS WENZLAFF, | Offense: Count One: 18 USC § 545<br>Attempted Smuggling Goods into the U.S. |
| Defendant. | Statutory Penalties:<br>Imprisonment – up to 20 years<br>Supervised Release – up to 3 yrs<br>Fine – up to $1,000,000 |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, CURTIS WENZLAFF and the government agree as follows:

1. **Guilty Plea**

    A. **Count of Conviction**

    Defendant will waive indictment by a grand jury and enter a plea of guilty to Count One of the Information which charges defendant with attempted smuggling of goods into the United States, in violation of Title 18, United States Code, Section 545.

B. **Elements of Offense**

The elements of Count One are as follows: (1) defendant attempted to smuggle or clandestinely introduce merchandise into the United States; (2) defendant attempted to pass the merchandise through the custom-house by means of a false, forged or fraudulent, invoice, or other document or paper; and, (3) defendant acted knowingly, willfully and with intent to defraud the United States.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

> At all times relevant to this case, Curtis Wenzlaff operated a domestic profit corporation, Sanno Industries, Inc., out of his residence located in Flushing, Michigan in the Eastern District of Michigan. Wenzlaff was acting as a drop shipper for companies outside the United States. Defendant was paid to assume the risk and consequences of the U.S. government identifying, seizing, and refusing entry of products illegally imported in to the United States. Between December 2011 and April 2016, defendant received more than 200 imports from companies outside the United States. Defendant's position is that not all the imports involved smuggling but at least beginning in July 2014 and continuing until April 2016 defendant was involved with smuggling products into the United States. Products were shipped, among other things, as blueberry extract and sunscreen lotion ingredients. Wenzlaff would accept delivery of the packages. Once a product was successfully delivered to defendant, other individuals would then provide him with instructions regarding

*relabeling, repackaging and shipping the product to the intended customer. Defendant received in excess of $25,000 from shippers to receive and reship the packages. Defendant claims that a portion of the money received was reimbursement for shipping expenses associated with the imported product.*

*The Food and Drug Administration regulates sunscreen as a drug. All drug manufacturers, including sunscreen manufacturers, are required to register their facilities with the Food and Drug Administration. Defendant and his business, Sanno Industries, are not registered with the Food and Drug Administration.*

*Defendant knew that the merchandise imported into the United States was a misbranded product. Even so, he knowingly received the product and then concealed it in order to facilitate the sale of the merchandise to a third party. The value of the merchandise/products illegally smuggled into the United States by defendant was in excess of $1,000,000.00.*

*More specifically, on July 14, 2014, an FDA Consumer Safety Officer (CSO) visited a FedEx facility in Anchorage, Alaska and examined an import shipped from a Chinese company named Jinan Haohua Industry Co. Ltd. to Sanno Industries, Flushing, Michigan. The CSO examined this import and determined it contained approximately five (5) kilograms of a powdery substance. A Customs Form 3461, associated with this import, declared the merchandise as "PHENYL SALICYLACE" and valued the shipment at $350. This form identified Sanno Industries, Flushing, Michigan as the consignee of this import. The FDA Forensic Chemistry Center ("Chemistry Center") examined a sample of the powdery substance and concluded it was consistent with a drug ingredient standard known as 2-(diphenylmethyl)-pyrroloidine, monohydrochloride [desoxy-D2PM hydrochloride]. Contrary to the product declaration listed on the Customs Form 3461, the Chemistry Center found no phenyl salicylace present in the tested sample. A Notice of FDA Action*

*letter, dated December 11, 2015, was mailed to Sanno Industries, Flushing, Michigan. The letter provided that, "Examination of the following products have been made and you have been afforded an opportunity to respond to a notice of detention. Because it appears the products are not in compliance, you are hearby notified they are refused admission."*

*Curt Wenzlaff signed a letter associated with this import on Sanno Industries letterhead. The letter identified Curt Wenzlaff as the President and provided, in part that, "Just as the TSCA Certification form indicated, I will be using the Phenyl Salicylate as an Ultra Violet Absorber for both and Sunscreen Cream and an After-Sun lotion. This is my second order of this particular ingredient. For my initial order, I filled out a TSCA Certification form that was submitted on May 23, 2014." The letter further provides, in part, that "I am aware there are many other uses for this particular ingredient such as a stabilizer for floral water or vinyl plastics, or as a preservative for confecting essence; however, I am only using for Sunscreen agent purposes."*

*Defendant knowingly and fraudulently attempted to import this merchandise contrary to law as evidenced by an email he sent to the shipper on July 3, 2014 that read: "ANA: As you can see with the email below, the FDA has not yet released the package to me. I will write them a letter giving specific details on what I will use this ingredient for. For my own curiosity, what is the company who you want me to send this to using it for? I was planning on telling the FDA I want to use this ingredient as a sunscreen agent in lotions."*

2. **Sentencing Guidelines**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below defendant's guideline range is 24 to 30 months, as set forth on the attached worksheets. If the Court finds: that defendant's criminal history category is higher than reflected on the attached worksheets, or that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime, and if any such finding results in a guideline range higher than 24 to 30 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

B. **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of $100.00.

D. **Fine**

There is no agreement as to fines.

E. **Restitution**

Restitution is not applicable to this case.

4. **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw him guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5. **Other Charges**

If the Court accepts this agreement, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

6. **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which

defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

7. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 30 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 24 months, the government waives any right it may have to appeal the defendant's sentence. This waiver does not bar filing a claim of ineffective assistance of counsel in court.

8. **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected

in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9. **Collateral Consequences of Conviction**

Defendant understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

## 10. Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 11. Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 p.m. on Friday, March 29, 2019. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney

_____        _____
NANCY A. ABRHAM                         ANTHONY VANCE
Assistant United States Attorney        Assistant United States Attorney
                                        Chief, Branch Offices

Date:  3-18-19

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____        _____
BRYAN J. SHERER                         CURTIS WENZLAFF
Attorney for Defendant                  Defendant

Date  4-3-19                            Date  4-3-19

Defendant: **Curtis Wenzlaff**   Count: **Count One**

Docket No. _____   Statute: **18 USC 545**

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level (cross reference 2T3.1 & 2N2.1) | 6 |
| 2B1.1(B)(1)(D) | More than $550,000 | 14 |
| | | |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**20**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   [X]

*If the defendant has no criminal history, check this box and skip Worksheet C.*   [ ]

| Defendant: | Curtis Wenzlaff | Count: | Count One |
|---|---|---|---|
| Docket No. | | Statute: | 18 USC 545 |

# WORKSHEET C    (Criminal History)

Date of defendant's commencement of the instant offense (including earliest date of relevant conduct)

## 1. PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months   (U.S.S.G. §§ 4A1.1(a)):        3 POINTS
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.   (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days   (U.S.S.G. §§ 4A1.1(b)):        2 POINTS
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences   (U.S.S.G. §§ 4A1.1(c)):        1 POINT
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).
NOTE:   No more than 4 points may be added under this item.

| Date of Imposition | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|
| 1992 | Possession of Cont. Substance | Diversion | | 0 |
| 1994 | Conspiracy to Dist. Steroids | 3 mon custody BOP | | 0 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

\*     If the defendant committed the offense before turning 18, indicate with an asterisk those offense where defendant was sentenced as a juvenile.
\*\*   A release date is required in only three situations:   (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

Defendant: __Curtis Wenzlaff__   Count: __Count One__

Docket No. _____   Statute: __18 USC 545__

(WORKSHEET C, p. 2)

## 2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

☐

## 3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. §4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

☐

## TOTAL CRIMINAL HISTORY POINTS
Enter the sum of the criminal history points entered in Items 1-3.

**0**

## CRIMINAL HISTORY CATEGORY

☐

| TOTAL POINTS | CRIMINAL HISTORY CATEGORY |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| 13 or more | VI |

| | | | |
|---|---|---|---|
| Defendant: | Curtis Wenzlaff | Count: | Count One |
| Docket No. | | Statute: | 18 USC 545 |

# WORKSHEET D  (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

   `20`

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY   (U.S.S.G § 3E1.1)**

   `-3`

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   `17`

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   `I`

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

    a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

    b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE   (U.S.S.G. ch. 5, pt. A)**

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   `24-30 months`

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

   `months`

| | |
|---|---|
| Defendant: Curtis Wenzlaff | Count: Count One |
| Docket No. | Statute: 18 USC 545 |

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION** (U.S.S.G. ch. 5, pt. B)

   a. <u>Imposition of a Term of Probation</u>   (U.S.S.G. § 5B1.1)

   [X]   1.   Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).   If this box is checked, go to Item 2 (Split Sentence).

   [ ]   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ]   3.3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. <u>Length of Term of Probation</u>   (U.S.S.G. § 5B1.2)

   [ ]   1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

   [ ]   2.   No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u>   (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE**   (U.S.S.G. § 5C1.1(c)(2), (d)(2))

   [X]   a.   A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ]   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8 or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT**   (U.S.S.G. ch. 5, pt. C)

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).   (*See* U.S.S.G. § 5C1.1).

| | |
|---|---|
| Defendant: **Curtis Wenzlaff** | Count: **Count One** |
| Docket No. | Statute: **18 USC 545** |

**(WORKSHEET E, p. 2)**

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

- [ ] 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

- [X] 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

- [ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

- [ ] 4. The statute of conviction requires a minimum term of supervised release of _____ months.

c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

- [ ] 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

- [ ] 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $____.

- [ ] 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

- [ ] 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

- [X] 5. Restitution is not applicable.

| Defendant: | Curtis Wenzlaff | Count: | Count One |
|---|---|---|---|
| Docket No. | | Statute: | 18 USC 545 |

(WORKSHEET E, p. 3)

## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table   (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $ 10,000 | $ 95,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

- $100.00 for every count charging a felony ($400 for a corporation)
- $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $   5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00 .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X] Assets of the defendant will be forfeited.    [ ] Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

Rev. 2/10/2012